# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RAYMOND JACKSON,** | ) | **CASE NO. 5:14CR301** |
| | ) | **5:17CV347** |
| | ) | |
| Petitioner, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **ORDER AND JUDGMENT ENTRY** |
| | ) | |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 587. The petition is DENIED.

The sole issue presented in the pending § 2255 motion is Petitioner's contention that his prior convictions should not have been deemed predicate offenses that warranted imposition of the Guidelines career offender enhancement. The Court finds no merit in Petitioner's reliance on *Mathis v. United States*, 136 S. Ct. 2243 (2016).

> He relies on *Mathis v. United States*, 579 U.S. ____, 136 S. Ct. 2243, 195 L.Ed. 2d 604, 610 (2016), for its insistence that courts must use the "categorical" approach in applying the career offender guidelines.
>
> Mr. Jones is not entitled to relief for a number of reasons. First of all, Mathis did not change the law with respect to "generic" offenses, but reinforced what the Court had held in *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Second, the categorical approach does not apply to the definition of controlled substance offenses, but only to the "violent felony" offenses in § 4B1.1(a).

1

*United States v. Jones*, No. 1:06-CR-073, 2016 WL 6566676, at *2 (S.D. Ohio Nov. 4, 2016), *report and recommendation adopted*, No. 1:06-CR-073, 2016 WL 6993399 (S.D. Ohio Nov. 30, 2016). A colleague in the Southern District of Ohio has also addressed the precise argument raised by Petitioner herein.

> *Mathis* is not at all concerned with the question raised in this Motion to Vacate. Rather, it sharpened the Supreme Court's analysis of what counts as a prior violent felony under the Armed Career Criminal Act ("ACCA"). Jones was not charged or sentenced under the ACCA, but under the Career Offender portion of the Sentencing Guidelines. The Guidelines' definition of a prior "crime of violence" parallels the definition of "violent felony" under the ACCA. U.S.S.G. § 4B1.2(a). However, its definition of "controlled substance offense" is separate in § 4B1.2(b) which provides:
>
> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.
>
> Determining whether a prior conviction for a controlled substance offense is a qualifying predicate offense under this Guideline does not require comparing the elements of the offense with any "generic" controlled substance offense.

*United States v. Jones*, No. 1:06–CR–073, 2016 WL 6993399, at *1–2 (S.D. Ohio Nov. 30, 2016). Accordingly, there is no merit in Petitioner's arguments surrounding his prior drug convictions.

Petitioner also seeks to amend his petition to include an argument that his prior conviction for complicity-felonious assault should also not be considered a predicate offense. First, the Court finds no merit in the analysis set forth by Petitioner. The Court need not consider the "generic" form of complicity in its evaluation. Petitioner's argument, therefore, is wholly misplaced. Moreover, even if this final conviction were not considered, Petitioner's prior drug offenses, as noted above, were sufficient to warrant the career offender enhancement.

**III. CONCLUSION**

For the foregoing reasons, Petitioner Raymond Jackson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: April 14, 2017         /**s**/ *John R. Adams*
　　　　　　　　　　　　　　　**JOHN R. ADAMS**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**